CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

April 24, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Kayla Lokey
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| KATHY TERRELL, | |
| *Plaintiff,* | CASE NO. 3:26-CV-00036 |
| v. | |
| UVA HEALTH SYSTEM, | MEMORANDUM OPINION & ORDER |
| *Defendant.* | |
| | JUDGE NORMAN K. MOON |

Plaintiff Kathey Terrell ("Terrell")—who briefly worked for UVA Health System as a customer service representative—filed this Title VII, Age Discrimination in Employment Act ("ADEA"), and Americans with Disability Act ("ADA") action against her former employer. *See* Dkt. 1. Rather than paying the $405 filing fee, she moved for leave to proceed *in forma pauperis*, *see* Dkt. 2, which the Court granted, *see* Dkt. 3. Given her IFP status, the Court will conduct an initial screening of her complaint, *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006), and dismiss any claims that fail as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Because her complaint fails to state a claim for race, age, or disability discrimination, her case must be dismissed.

## I.      LEGAL STANDARD

28 U.S.C. § 1915(e) permits district courts to, on their own motion, dismiss *in forma pauperis* complaints that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006). This procedural vehicle is governed by the same standard as a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *Minter v. Clarke*, 2022 WL 4537904, at \*3 (E.D. Va. Sep. 12, 2022) (comparing standards). To survive this stage, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court must accept a plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). Although a complaint "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" in order to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II.    BACKGROUND

Terrell is a 66-year-old, African American female who had an undisclosed "medical condition" that required her to take short-term disability from her job at UVA Health. Dkt. 1-3 ¶¶ 20, 27, 35. She worked for UVA Health from April 15, 2024 to May 22, 2025; however, she was on short-term disability leave from December 9, 2024, until she resigned. Dkt. 1-1 ¶¶ 1, 13, 18.

She claims that her supervisor, Shirley Cromer ("Cromer"), criticized her at a meeting on August 23, 2024, noting that she seemed "preoccupied" and "unable to focus." *Id.* ¶ 2. At that meeting, Cromer allegedly suggested that Terrell should resign if her sister's illness was going to affect her job performance. *Id.* Cromer also criticized Terrell for asking customers to repeat themselves during phone calls. *Id.*

Four days later, Cromer assigned Terrell a "code testing" task—which involved placing emergency calls to pagers to ensure they were working. *Id.* ¶ 4. Cromer allegedly instructed Terrell to set her phone to "unavailable" during the test, which required other employees to answer the incoming callers who were responding to the emergency page. *Id.* ¶ 5. After the test was complete,

2

Cromer reprimanded Terrell for making herself "unavailable," which required her co-workers to answer the responding callers. *Id.* ¶ 6. Terrell alleges that other white employees were not criticized for performing their code testing responsibilities together, as opposed to individually. *Id.* ¶ 7.

On September 18, 2024, Terrell had a meeting with Cromer and a human resources representative, where she was informed that she could be terminated if her performance did not improve. *Id.* ¶ 8. Terrell was told her training was not progressing as expected, including her equipment training and emergency call training. *Id.* She was specifically told she needed additional training on ordering equipment for hospital floors. *Id.* ¶ 11. She was placed on a two-day administrative leave; but returned to work with no "clear explanation for the disciplinary action." *Id.* ¶ 10. She claims that four younger employees who had been employed with UVA Health longer than she had were also not finished with their equipment ordering training; but that those younger employees had not been criticized by management for their lack of progress. *Id.* ¶ 12.

Terrell went on short-term disability leave on December 9, 2024, with an approved return-to-work date of May 23, 2025. *Id.* ¶ 13. On May 16, 2025, she received an email from human resources indicating she was going to be terminated. *Id.* ¶ 14. After contacting human resources, Terrell was told she was not being terminated and that the email had been generated in error based on a misunderstanding about her disability leave. *Id.* ¶ 17. Rather than returning to work, Terrell quit on May 22, 2025. *Id.* ¶ 18.

## III.   DISCUSSION

### A.  Disparate Treatment

Title VII renders it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The elements

3

of a disparate treatment claim under Title VII are "(1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019).

The ADEA makes it "unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a). The elements of a *prima facie* case for age discrimination are: (1) at the time of the adverse employment action plaintiff was at least 40 years of age; (2) she was qualified for the job and performing in accordance with her employer's legitimate expectations; (3) her employer nonetheless took adverse action against her; and (4) a substantially younger individual with comparable qualifications was treated differently. *See Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019). Unlike with Title VII claims, ADEA claims require proof that age was a "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).[1]

The ADA makes it unlawful for covered employers to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a) (2012). "To establish a claim for disability discrimination under the ADA, a plaintiff must prove '(1) that she has a disability, (2) that she is a 'qualified individual' for the employment in question, and (3) that [her employer] discharged her (or took other adverse employment action) because of her disability.'" *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 572 (4th Cir. 2015) (quoting *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000)). Specifically, the plaintiff's disability must be a but-

---

[1]    "[A]n employee cannot prevail on an age discrimination claim by showing that age was one of multiple motives for an employer's decision; the employee must prove that the employer would not have fired her in the absence of age discrimination." *Westmoreland*, 924 F.3d at 725.

for cause of the plaintiff's discharge. *See Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 236 (4th Cir. 2016).

Title VII, the ADEA, and the ADA all require proof of an adverse employment action. Here, Terrell alleges she was placed on two days of administrative leave beginning on September 18, 2024. Dkt. 1-1 ¶ 10. Courts in the Fourth Circuit have held that placement on administrative leave with pay does not constitute an adverse employment action. *See Credle v. Virginia Cmty. Coll. Sys.*, 2025 WL 27827, at *7 (E.D. Va. Jan. 3, 2025), aff'd, No. 25-1072, 2026 WL 509313 (4th Cir. Feb. 24, 2026). However, even if it did, Terrell did not file her EEOC charge until October 17, 2025— 389 days after she was placed on administrative leave. *See* Dkt. 1-5 at 5. Therefore, any discrimination claim based on this administrative leave is untimely. *See Hughes v. Navy Fed. Credit Union*, 2012 WL 32404, at *8 (E.D. Va. Jan. 4, 2012) ("[A] Title VII Charge must be filed within 300 days of the adverse action.").

Terrell concedes she voluntarily resigned from her employment on May 22, 2025. Dkt. 1-1 ¶ 18. Generally, a "personal choice" to "voluntarily resign does not constitute an adverse employment action, even if there are pending disciplinary matters." *Satterfield v. City of Chesapeake, Va.*, 2021 WL 4812452, at *7 (E.D. Va. Oct. 14, 2021); *see also Evans v. Davie Truckers, Inc.*, 769 F.2d 1012, 1014 (4th Cir. 1985). To overcome this general rule, a plaintiff who resigned must show that she was constructively discharged. *Rizvi v. Loudoun Cnty. Sch. Bd.*, 2025 WL 3514256, at *9, n.28 (E.D. Va. Dec. 5, 2025). This is a high standard, which requires a plaintiff to show that "she was discriminated against by her employer to the point where a reasonable person in her position would have felt compelled to resign." *Ofoche v. Apogee Med. Grp., Virginia, P.C.*, 815 F. App'x 690, 692 (4th Cir. 2020) (quoting *Green v. Brennan*, 578 U.S. 547, 555 (2016)). "Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or

5

unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994). Here, Terrell's allegations come nowhere close to alleging constructive discharge.

Accordingly, Terrell's Title VII, ADEA, and ADA disparate treatment claims all fail because she has not adequately pleaded an adverse employment action.[2]

### B. Hostile Work Environment

Given the requirement to liberally construe Terrell's complaint, the Court will consider whether she has stated Title VII, ADEA, or ADA hostile work environment claims.

An employer contravenes these anti-discrimination statutes by requiring an employee to work in an environment that is hostile to her gender, age or disability. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65–67 (1986). To succeed on a hostile-work-environment claim a plaintiff must show that there is: "(1) unwelcome conduct; (2) that is based on the plaintiff's ... [sex, age, or disability]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *McIver v. Bridgestone Americas, Inc.*, 42 F.4th 398, 407 (4th Cir. 2022); *see also Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011)). This type of claim fails unless "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Brackney-Wheelock v. City of Charlottesville*, 652 F. Supp. 3d 603, 628 (W.D. Va. 2023) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

---

[2] Her claims fail for other reasons as well. For example, she never alleges the nature of her disability or how any such disability led to discrimination at work. This would independently doom her ADA claim. She also fails to allege she was meeting her employer's legitimate expectations. To the contrary, her pleadings concede that UVA Health had legitimate concerns about her performance. *E.g.*, Dkt. 1-1 ¶ 2. This too dooms her Title VII, ADEA, and ADA claims.

The severe or pervasive conduct giving rise to an abusive work environment must be objectively and subjectively "hostile" and "abusive." *Harris*, 510 U.S. at 21–22. Courts look to "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Boyer-Liberto*, 786 F.3d at 277. The ultimate inquiry, though, is whether the conduct is so "extreme" as to "amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Terrell's allegations—which include that her performance was criticized by her supervisor—are not even obviously discriminatory, much less the type of severe and abusive discrimination that constitutes a hostile work environment. Her allegations stand in sharp contrast to the allegations in *Okoli* and *Spriggs*, which the Fourth Circuit found to be sufficiently severe and pervasive to constitute a hostile work environment. *See Okoli*, 648 F.3d at 220 (plaintiff "present[ed] a strong claim for hostile work environment" where, in four months, she experienced (1) disparaging jokes about gays and lesbians; (2) comments about herself and a Jacuzzi fantasy; (3) comments about herself and group sex fantasy; (4) questions about her underwear; (5) comments about sexual relations with another African-American woman; (6) additional inquiries about her sitting on a lap and Jacuzzi fantasy; (7-10) several incidents of fondling her leg under a table; (11) forcible kissing; and (12) more propositions to join in a Jacuzzi fantasy); *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 182-84 (4th Cir. 2001) (plaintiff demonstrated harassment was severe and pervasive where he was exposed on a "continuous daily" basis to blatantly racist slurs).

Therefore, to the extent Terrell even intended to raise hostile work environment claims, those too must be dismissed for failure to state a claim.

## IV.   CONCLUSION

Accordingly, Terrell's complaint is dismissed without prejudice.

The Clerk shall administratively close this case and mail a copy of this Order to Plaintiff at her last known address.

It is so ordered.

Entered this 24th day of April, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE